## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LISA D. SCHELL AND**<br>**MICHAEL J. SAITTA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-998** |
| **ALLIANCE INSURANCE AGENCY SERVICES, INC.,**<br>**MICHELLE ST. MARTIN, AND ABC INSURANCE**<br>**COMPANY** | **SECTION "N" (1)** |

### ORDER AND REASONS

Plaintiffs filed suit against Defendants in Louisiana state court on August 28, 2006. Defendants removed the action to this Court on February 18, 2008. *See* Rec. Doc. No. 1. Thereafter, Plaintiffs filed the Motion to Remand and/or Abstention (Rec. Doc. No. 5) that is presently before the Court. As stated herein, **IT IS ORDERED** that Plaintiffs' motion is **GRANTED**.

### LAW AND ANALYSIS

As the removing parties, Defendants bear the burden of proving the validity of that removal. *See, e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Attempting to satisfy that burden, Defendants point to the jurisdictional and removal authority provided by 28 U.S.C. §§1452 and 1334. Pursuant to those statutes:

> "A party may remove any claim or cause of action in a civil action .
> . . to the district court for the district where such civil action is
> pending, if such district court has jurisdiction of such claim or cause

of action under [28 U.S.C. § 1334].” 28 U.S.C. § 1452(a). “[Except as provided in [§1334(b), the] district courts shall have original and exclusive jurisdiction of all cases under title 11.” 28 U.S.C. § 1334(a). “[T]he district courts shall have original *but not exclusive jurisdiction* of all civil proceedings arising under title 11, or arising in or related to cases under title 11.” 28 U.S.C. § 1334(b) (emphasis added). The references to “arising under,” “arising in,” and “related to” operate conjunctively to define the scope of jurisdiction. *Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987). “Therefore, it is necessary only to determine whether a matter is at least ‘related to’ the bankruptcy.” *Id.* In *Matter of Wood,* the Fifth Circuit defined *related* as “whether the outcome of that proceeding could conceivably have any effect on the *estate* being administered in bankruptcy.” 825 F.2d at 93 (emphasis added), citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984); *In re Cemetery Development Corp.,* 59 B.R. 115, 121 (Bankr. M.D. La. 1986).

*See Schweitzer ex rel. Schweitzer v. Harvey,* Civ. Action No. 05-2476 , 2007 WL 2071611, * 2 (E.D. La. 7/16/07) (Engelhardt, J.).

Notwithstanding these jurisdictional and removal grants, federal courts at times properly refrain from exercising their judicial authority.  Namely, §1334(c)(2) *mandates* abstention with respect to certain proceedings involving state law claims.  *See* 28 U.S.C. §1334(c)(2). Alternatively, §§ 1334(c)(1) and 1452(b) provide grounds upon which a federal district court *may* remand claims that have been lawfully removed pursuant to §§1452(a) and 1334(a).  *See* 28 U.S.C. §§1452(b) and 1334(c)(1).  Specifically, abstention and remand under §1452(b) are authorized, as a matter of the court’s discretion, “on any equitable ground.” *See* 28 U.S.C. §1452(b).

“Equitable,” for purposes of §1452(b), means “appropriate.”  *See Landry v. Exxon Pipeline Co.,* 260 B.R. 769, 801 (Bkrtcy. M.D. La. 2001) (citing *Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223, 1226 (7th Cir.1991);  *see also In re United States Brass Corp.,* 110 F.3d 1261, 1265 (7th Cir.1997);  *Things Remembered, Inc. v. Petrarcha,* 516 U.S. 124, 133 (1995)(Ginsberg, J., concurring)(“equitable” signals that which is reasonable, fair, or appropriate)).  Appropriateness,

2

in turn, is governed by a variety of non-exhaustive considerations, including:

(1)     the effect or lack thereof on the efficient administration of the estate if the matter is remanded;

(2)     the extent to which state law issues predominate over bankruptcy issues;

(3)     the difficulty or unsettled nature of the applicable state law;

(4)     the presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5)     the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     the substance rather than form of an asserted "core" proceeding;

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)     the burden upon the court's docket;

(10)    the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11)     the existence of a right to a jury trial; and

(12)     the presence in the proceeding of non-debtor parties.

*See Schweitzer,* 2007 WL 2071611 at *2 (citing *Landry,* 260 F.R. at 801-02) (citing *Borne,* 116 B.R. 487 (discussing considerations regarding both remand under 28 U.S.C. § 1452(b) and discretionary abstention under 28 U.S.C. § 1334(c)(1)).

Applying these principles here, the Court first finds that Defendants have not adequately demonstrated that this matter was properly removed from state court.  In support of removal, Defendants urge that, for purposes of §§1452 and 1334(a) and (b), the state law claims asserted against them are, at a minimum, "related to" Plaintiffs' Chapter 7 bankruptcy proceeding, and, therefore, are cognizable by this Court.  If that bankruptcy proceeding presently were open, the Court likely would  agree with Defendants.  Significantly, however, it is undisputed that Plaintiffs received a discharge and dismissal of their bankruptcy proceeding *prior* to the commencement of

this action in state court and, moreover, its removal to federal court.  Further, although the bankruptcy trustee appropriately might seek to re-open the bankruptcy proceeding, pursuant to 11 U.S.C. §350(b), there is no indication, to date, that he has done so.

Although Defendants apparently, albeit somewhat implicitly, implore this Court to disregard the currently closed posture of Plaintiffs' bankruptcy proceeding, they have not shown this approach to be warranted.  In particular, although Defendants have been permitted to file two opposition memoranda in response to Plaintiffs' motion, neither submission sufficiently rebuts jurisprudence, cited by Plaintiffs, suggesting that removal authority under §§1452(a) and 1334(a) does not exist when there is no pending bankruptcy proceeding at the time of removal.  *See Rand v. Empire Funding Corp.,* 132 F. Supp. 2d 497, 501 (S.D. Miss. 2000);  *In re Schwamb*, 169 B. R. 601, 604 (E.D. La.  1994), *aff'd.*, 48 F.3d 530 (5th Cir.), *cert. denied*, 515 U.S. 1131, 115 S. Ct. 2555 (1995).[1]

Rather, Defendants essentially argue that Plaintiffs' alleged concealment of the claims asserted in this action from the bankruptcy court justifies federal district court jurisdiction over those claims.  Defendants, however, have cited no pertinent legal authority in support of their position.  Further, on the limited showing made, and given that Defendants apparently have not sought any discovery regarding this issue, the Court is not in a position to premise its jurisdiction upon assumptions and argument by counsel relative to Plaintiffs' alleged prior concealment of the claims.  This is particularly true in the absence of any indication that the bankruptcy court has been

---

[1]     It is noted that other decisions arguably suggest the same.  *See, e.g., Stangel v. Johnson and Madigan,* L.L.P., 228 F.3d 409, 2000 WL 1056294, *1 and n.1 (5th Cir. 2000) (unpub.); *In re Bass,* 171 F.3d 1016, 1022-23 (5th Cir. 1999); *Archer v. Nissan Motor Acceptance Corp.*, 324 F. Supp. 2d 805, 808-09 (S.D. Miss. 2004);  *Arnoult v. General Electric Capital Corp.*, 2003 WL 22715632, *7-9  (E.D. La. 11/13/03) (Roby, M.J.).

4

apprised of the pendency of this litigation by the trustee or otherwise, and failed to take any appropriate action.

In any event, even if federal court jurisdiction exists relative to this action, the Court, on the showing made, declines to exercise that jurisdiction. Applying the factors discussed in *Schweitzer* and *Landry* here, the Court finds that discretionary abstention, pursuant to 28 U.S.C. §1452(b), in favor of the state court from which this action was removed, is appropriate. As explained, there presently is no open bankruptcy proceeding to be affected by this dispute proceeding in state court. Further, if the bankruptcy proceeding ultimately is re-opened, or if Plaintiffs prevail on their claims in state court, appropriate action can be taken by the bankruptcy court, the trustee, and/or other relevant persons at that time. It is undisputed that the trustee is aware of the pendency of this litigation, and there is no indication that he is not in a position to monitor it as needed.

Additionally, Plaintiffs' claims are governed by state law, and §1334 provides the only identified basis of federal court jurisdiction over this matter. Significantly, moreover, there is no evidence that either party will be prejudiced by being required to litigate in state court. Trial by jury is available in state court. Further, there should be no undue delay, as the case was only a little more than a month away from trial when Defendants removed it to federal court. Finally, although Defendants have filed motions for summary judgment in this Court (Rec. Doc. Nos. 4 and 29), the state court certainly can likewise resolve those pending motions.

## **CONCLUSION**

For the foregoing reasons, the Court finds that remand of this action to Louisiana state court is warranted. Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand is

5

**GRANTED**.  **IT IS FURTHER ORDERED** that this action is **REMANDED** to the Thirty-Fourth

Judicial District Court for the Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this 29th day of September 2008.

**Kurt D. Engelhardt**
**United States District Judge**

6